**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4308**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

DONALD RAYFIELD HICKLIN,

               Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:17-cr-00173-MOC-DCK-1)

Submitted:  May 17, 2021                           Decided:  June 3, 2021

Before KING, FLOYD, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeffrey W. Gillette, GILLETTE LAW FIRM, PLLC, Franklin, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Rayfield Hicklin pled guilty pursuant to a plea agreement to possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The district court sentenced Hicklin to 60 months' imprisonment and 5 years of supervised release. On appeal, Hicklin's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether trial counsel rendered ineffective assistance and whether the supervised release term is unreasonable. Although notified of his right to do so, Hicklin did not file a pro se supplemental brief. The Government did not file a response brief and does not seek enforcement of the appeal waiver in Hicklin's plea agreement.[*] We affirm.

Counsel questions whether trial counsel rendered ineffective assistance in failing to file a motion to suppress evidence gathered as a result of the stop and search of Hicklin's vehicle and in failing to explain to Hicklin the effects of other potential guilty pleas or trial outcomes. We typically will not hear a claim of ineffective assistance of counsel made on direct appeal, *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018), "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record," *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). To demonstrate ineffective assistance of trial counsel, Hicklin must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S.

[*] Because the Government fails to assert the appeal waiver as a bar to this appeal, we may consider the issues raised by counsel and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir 2007).

2

668 (1984). He "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687. After review, we conclude that ineffective assistance by trial counsel does not conclusively appear on the face of the record. Such claims "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508. We therefore decline to address these claims at this juncture.

Turning to the reasonableness of Hicklin's five-year term of supervised release, as *Anders* counsel concedes, this issue was not raised before the district court. "When a criminal defendant presents a sentencing issue that was not properly preserved in the district court, we review the issue for plain error only." *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). "To satisfy plain error review, the defendant must establish that: (1) there is a sentencing error; (2) the error is plain; and (3) the error affects his substantial rights." *Id.*

We review a defendant's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In assessing procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable."

3

*United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

As *Anders* counsel recognizes, Hicklin's conviction was a Class A felony, and, thus, the authorized term of supervised release that could be imposed as part of his sentence for this offense is not more than five years. 18 U.S.C. §§ 3559(a)(1), 3583(b)(1). The district court properly calculated Hicklin's supervised release Guidelines range at two to five years. *See* U.S. Sentencing Guidelines Manual §§ 5D1.1(a)(2), 5D1.2(a)(1) (2018). After hearing argument from the parties and allocution from Hicklin, the district court relied on proper 18 U.S.C. § 3553(a) factors in imposing the five-year term, explaining that it was warranted in light of Hicklin's criminal history and the need for the sentence imposed to provide effective correctional treatment. *See* 18 U.S.C. §§ 3553(a)(1), (2)(D), 3583(c). Hicklin proffers no argument suggesting that the within-Guidelines supervised release term was unreasonable when measured against the § 3553(a) factors. He fails to establish procedural or substantive unreasonableness in his five-year term of supervised release and thus fails to show plain error. *See Aplicano-Oyuela*, 792 F.3d at 425-26.

In accordance with *Anders*, we also have reviewed the remainder of the record and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Hicklin, in writing, of the right to petition the Supreme Court of the United States for further review. If Hicklin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

4

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hicklin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*